IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TOD BEARDSLEY, aka @TODB on TWITTER,<br>*Plaintiff*<br>           v.<br>SENATOR JOHN CORNYN, aka @JohnCornyn on TWITTER,<br>*Defendant* | § § § § § § § § | CASE NO. __1:20-cv-456__ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tod Beardsley, aka @TODB on Twitter, files this Complaint pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and 28 U.S.C. §2201 against Defendant, Senator John Cornyn, seeking a declaratory judgment and preliminary and permanent injunctive relief. Plaintiff alleges as follows in support of their claims.

### Introduction

This case is about the electorate's right to view and participate on the social media feeds of their elected officials when those officials create interactive web pages and social media accounts for that purpose. *See Knight First Amend. Inst. At Colum. Univ. v. Trump*, 302 F. Supp. 3d 541, 573 (S.D.N.Y. 2018). Plaintiff has been blocked from participating in Defendant Senator John Cornyn's (hereinafter "Defendant Cornyn") public forum, specifically his public Twitter feed, because Senator Cornyn disapproves of Plaintiff's politics.

### Jurisdiction and Venue

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343.  Venue in this Court is appropriate under 28 U.S.C. §1391(b)(2).

### Plaintiff

1

2.      Plaintiff, Tod Beardsley, is an adult resident and voter in Travis County, Texas. Plaintiff uses the Twitter handle (social media account) @TODB for expressing political views in public and private forums, and to receive and disseminate information to and from elected officials such as Defendant, Senator John Cornyn.

### Defendant

3.      Defendant John Cornyn is a United States Senator for the State of Texas. He operates a Twitter account @JohnCornyn. He is sued in both his official and individual capacity. He acted under color of law. He may be served at his place of business 517 Hart Senate Office Bldg., Washington, DC 20510. Alternatively, he may be served at his Dallas office 5001 Spring Valley Road Suite 1125 E, Dallas, TX 75244; at his Austin, Texas office 221 W 6th St #1530, Austin, TX 78701; or at his residence in Austin, Texas 200 Congress Avenue, Austin, Texas 78701.

### Statement of Facts

*Plaintiff's Political Expressions and Advocacy:*

4.      Plaintiff has over 7,000 Twitter users following him on his @TODB Twitter handle. Many of those users engage in political discussions through Twitter.

5.      Plaintiff came to the conclusion that sometime in the last 12 months as to the reason @JohnCornyn blocked @TODB. Plaintiff believes his tweets containing information related to cyber and election security and the tagging of @JohnCornyn in those tweets resulted in Defendant Cornyn blocking Plaintiff's access to Defendant Cornyn's Twitter account, *Exhibit 2*. Plaintiff can no longer read, write, tag, or share tweets with Defendant Cornyn as he did on a weekly basis before the ban. None of the tweets posted or shared by @TODB to @JohnCornyn were illegal, obscene, or threatening. It is Plaintiff's position that Defendant Cornyn saw

Plaintiff's tags and tweets and blocked Plaintiff because Defendant Cornyn sought to avoid criticism for his inaction on cyber security and election security.

6. As of the filing of this suit, Defendant Cornyn serves in the US Senate on the following Senate Committees: judiciary, intelligence, and finance. Defendant Cornyn serves on the Senate Subcommittee on Terrorism, Technology, and Homeland Security. Defendant Cornyn's role in those committees necessarily involves him in cyber, election, and national security issues.

*Twitter's Essential Nature:*

7. Launched in 2006, Twitter serves as a networking and social media platform for tweeting (the posting of messages on the internet of up to 280 characters), for reading the tweets of others, and for forwarding or sharing the tweets of others (retweeting). The service is free of cost and boasts a monthly user volume of over 300 million. Since April 2007, Plaintiff Tod Beardsley (hereinafter "Beardsley") has used his Twitter handle, @TODB, to tweet, read tweets, and retweet. Plaintiff has 7,441 followers, other users who read his tweets and share tweets, many of whom engage in political expression via Twitter. The Twitter feed is what the public and Twitter users view. It is controlled by the account holder who can retweet a communication sent from a Twitter account that follows the account holder. It is possible to find and view tweets from Twitter accounts not followed by a user by searching topics, but unless one Twitter user follows another and vice-versa, the first user's tweets will not appear in the second user's account. The same occurs when one user blocks another user.

8. Plaintiff Beardsley uses his Twitter feed for personal and professional reasons. Plaintiff Beardsley engages in political expression; stayes informed of current events, elected officials' positions, and candidate platforms; and informes the public of national security issues, election security, and cyber security. Politicians and elected officials use Twitter to campaign and share

3

information with their constituents, who in turn share information as well as praise and criticize their government and its policies.

9. A Twitter account holder can restrict access to anyone at any time without explanation or warning. Defendant Cornyn failed to explain why Plaintiff was blocked from Defendant Cornyn's' Twitter account.

10. Twitter, because of its structure and popularity, is highly compatible with and often used for openly expressive activity. Such expressive activity has and continues to include open and critical discussion of government conduct and policy, elected government officials, and other public figures.

*Senator Cornyn's Twitter Feed is Public:*

11. Defendant, Senator Cornyn, has a Twitter feed, the identity for which is "@JohnCornyn" The John Cornyn Twitter feed can be accessed at https://twitter.com/johncornyn/ by anyone, including those who do not have a Twitter account of their own. Plaintiff, cannot tweet anything to @JohnCornyn until Defendant Cornyn removes his block.

12. Defendant Cornyn has encouraged and permitted the public and his constituents to stay informed and share their views with Defendant Cornyn through his Twitter account.

13. Defendant Cornyn willingly and knowingly created and configured his Twitter feed to be open to the public and allow other Twitter users to interact openly with the page, its content, and fellow page visitors through tweeting, reading tweets, and retweeting. He did so in his capacity as a US Senator for the State of Texas.

14. Senator Cornyn was fully aware of Twitter's high compatibility with and use for openly expressive activity when creating and making public the Senator John Cornyn Twitter account. Likewise, he knowingly and willingly created the Twitter account to encourage and permit

4

public expression and interaction on matters of public concern (including pending legislation) to over 273,000 other Twitter followers.

15. Senator Cornyn used this Twitter feed while he was in Austin, Travis County, Texas as a Senator to tweet and retweet topics including: the law, the Constitution, rights, federal legislation, federal policy, elections, Cornyn's own campaign, criticism and praise of his colleagues, and defense of his blocking election security legislation in 2019. The March 4, 2020 @JohnCornyn Twitter feed reads, "Try voting during 10 day early voting period. As of Friday, which was the last day of early voting in the 2020 primary, a total of 1,113,726 people voted in person and by mail in Texas' 10 largest counties — 12% of registered voters." [Twitter, @JohnCornyn].  Defendant Cornyn, upon information and belief, made decisions and executed decisions about who would be blocked or banned from this Twitter page while he was in Austin, Travis County, Texas, working as a US Senator for the State of Texas. While in Travis County, Plaintiff Beardsley attempted to retweet a post from another elected official and saw that Plaintiff Beardsley was blocked from @JohnCornyn. Plaintiff Beardsley attempted to resolve this mater in a letter sent a letter to Defendant Cornyn. As of the date of this filing, Defendant Cornyn failed to respond to the letter.

16. Some of Defendant Cornyn's publicly accessible Twitter feed is attached and is hereby incorporated by reference as *Exhibit 1*. In it, Defendant Cornyn informs his followers of his activities in the US Senate. Likewise, he updates his thousands of Twitter followers on the status of legislation. The posts in *Exhibit 1* are those which may be viewed by literally anyone online, regardless of whether the person follows @JohnCornyn on Twitter. It is completely public.

17. Defendant Cornyn runs his page as a medium of US Senate information for anyone who wishes to follow it. He provides legislative updates, as well as answering and interacting with

5

those who comment on those political tweets. *Exhibit 1* is an example of how Defendant Cornyn uses his Twitter account to update the electorate with legislative news and is hereby incorporated by reference. This Twitter account is the only one for Senator Cornyn that is public. It is not a personal account whereby people request and confirm 'friends' and privacy may be set to where only 'friends' may view it. It is a Page similar to that of a business, organization, or celebrity which is public for all Twitter users to follow.

*Senator Cornyn Blocks & Bans Constituents Who Disagree with Him:*

18. While Plaintiff Beardsley can see the non-user public version of @JohnCornyn on Twitter, Plaintiff cannot tweet or retweet to @JohnCornyn. Other features on Twitter are not available to users who are blocked or users without an account.

19. Defendant Cornyn is in a reelection campaign this year and as such is more sensitive to criticism than in other years. Such criticism could yield loss in campaign donations or loss in political support and votes. Blocking constituent criticism and public debate in order to win an election is offensive to our representative democracy.

20. It is unknown how many other followers of @JohnCornyn were blocked or banned for political dissent or for actual legitimate reasons.

**Causes of Action**

21. Plaintiff hereby incorporates by reference all facts alleged in the preceding paragraphs, and to the extent any facts are added below, incorporates them into their factual allegations.

*First Amendment Violations:*

22. Defendant Cornyn engaged in viewpoint-based discrimination and censorship of Plaintiff's speech about matters of public concern in a public forum, violating' Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

23.     Defendant Cornyn was aware or should have been aware that his actions were unconstitutional. It is clearly established that a government official cannot censor or restrict speech, or punish a speaker, based on the viewpoint expressed, regardless of the type of forum. *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829-30 (1995); *R.A.V. v. St. Paul*, 505 U.S. 377, 391-92 (1992).

24.     Defendant Cornyn has knowingly and willfully censored and punished Plaintiff Beardsley, and others, with a reckless and callous disregard for constitutional rights.

25.     As a direct and proximate cause of Defendant Cornyn's actions, Plaintiff has been prevented from communicating with Defendant Cornyn and his constituents about matters of public concern, restricting Plaintiff's ability to participate in peaceful online assembly and petition for the redress of grievances. *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984).

26.     At the same time, Defendant Cornyn has violated the right of the thousands of people who follow his Twitter feed to receive information that could have been provided by Plaintiff Beardsley. *See Kleindienst v. Mandel*, 408 U.S. 753, 762-63 (1972).

27.     Defendant Cornyn has violated Plaintiff's right to expressive association by electronically separating Plaintiff from the thousands of people who follow his Twitter feed. *See Boy Scouts of America v. Dale*, 530 U.S. 640 (2000).

28.     Defendant Cornyn should have known that he may not constitutionally sanction someone for associating with a group about which he does not like or approve, as the law is clearly established that mere membership with an unpopular organization may not be sanctioned. *See Scales v. United States*, 367 U.S. 203 (1961).

7

29. Plaintiff has and will continue to suffer irreparable harm without injunctive relief. Plaintiff wants to participate in the expressive activity on Defendant Cornyn's Twitter feed to (a) disseminate information on matters of public concern, (b) peacefully assemble online, (c) petition Defendant Cornyn for the redress of grievances, and (d) receive information on a matter of public concern from the other people that Defendant Cornyn has hidden, deleted, blocked and banned.

30. Plaintiff is likely to succeed on the merits of his claims. There is substantial public interest in ensuring that Defendant Cornyn ceases from engaging in viewpoint-based discrimination and censorship in the public forum he created on his Twitter feed.

31. Plaintiff seeks a declaratory judgment against Defendant Cornyn that what he has done on his Twitter feed violates the rights enumerated in this complaint. A declaratory judgment will resolve the dispute between the parties and ensure compliance with the First Amendment as part of the democratic process. Plaintiff seeks a declaratory judgment that Defendant Cornyn:

   A. created a public forum with his Twitter feed;

   B. violated Plaintiff's right to receive information by hiding, deleting, blocking, and banning other people from commenting on his Twitter feed;

   C. violated Plaintiff's right to speak on a matter of public concern by hiding, deleting, blocking, or banning their posts on his Twitter feed;

   D. violated Plaintiff's right to peacefully assemble online by electronically separating Plaintiff from the thousands of people who follow Defendant Cornyn on his Twitter feed;

   E. violated Plaintiff's right to seek a redress of grievances by blocking and banning them from his Twitter feed;

F.  violated Plaintiff's First Amendment rights by engaging in viewpoint-based discrimination by hiding, deleting, blocking, or banning their comments from his Twitter feed.

**Relief**

32. Plaintiff requests Judgment against Defendant Cornyn as follows:

A.  Declaratory relief pursuant to 28 U.S.C. §2201;

B.  Injunctive relief pursuant to 42 U.S.C. §1983;

C.  Reasonable costs, expenses, and attorney's fees pursuant to 42 U.S.C. §1988(b) and expert fees pursuant to 42 U.S.C. §1988(c); and

D.  All other relief to which Plaintiff is entitled.

Respectfully Submitted,

The Law Office of George C. Lobb
George C. Lobb, Esq.
SBN: 24042928
1108 Lavaca Street #110
Austin, Texas 78701
Tel: 512-215-6011
Fax: 512-425-0877
Info@LobbLaw.com
***ATTORNEY FOR PLAINTIFF***